Barnes ROMINE and Gloria Romine, Plaintiffs-Appellants,

v.

REX DARNALL, INC., Defendant-Respondent.

No. KCD 27078.

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

Chester B. Kaplan, Koenigsdorf, Kaplan, Kraft, Fox & Kusnetzky, Kansas City, for plaintiffs-appellants.

Robert D. Youle, Thomas J. Wheatley, Kansas City, for defendant-respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Barnes Romine and Gloria Romine, his wife, brought suit against Rex Darnall, Inc. for $15,000 and an accounting as a result of an agreement between the Romines and Darnall for the construction of a home. Darnall filed a counterclaim alleging Romine had prevented him from completing the home and that he had expended $64,175.40 in construction costs for which he had not been paid, and further asked for a mechanic's lien to be adjudged in that amount. The trial court entered judgment for Darnall on Romine's petition and in favor of Darnall on his counterclaim in the amount of $52,178.90, plus interest in the amount of $9,945.16, and gave a mechanic's lien on the Romine property in that amount.

On this appeal Romine contends the finding by the trial court of the existence of a cost plus contract for the construction of the home was against the greater weight of the credible evidence, and the agreement between the parties was in fact a fixed cost contract. He also contends Darnall did not prove the reasonableness of the unpaid construction costs and did not establish a just and true account of his claim. Affirmed.

This case was tried to the court without a jury. The scope of review in a court tried case has recently been declared in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) "to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, . .. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." 536 S.W.2d 32[1–3].

In this case Romine testified the agreement with Darnall was for the construction of the residence for $90,000 plus a fixed contractor's fee of $10,860. On the other hand, Darnall produced evidence showing that he wrote two letters to Romine. The first letter stated Darnall would build the house at cost plus ten percent. The second letter stated Darnall would make a draw for his construction costs monthly. He stated his fee would be fixed at $10,860. Darnall further testified the agreement was for the house to be constructed on the basis of cost plus, together with a fixed fee for Darnall of $10,860.

Romine testified construction started with the plans for the house having been drawn by an architect, but before any specifications had been drawn. He stated Darnall was to furnish specifications as the work progressed.

After Darnall had commenced construction and Romine had paid $110,765, plus another $5,508.88 to individual subcontractors, Romine declined to pay any further construction costs to Darnall. At this point Darnall ceased work on the dwelling, and Romine subsequently obtained another contractor to finish construction. At this point the instant litigation commenced.

■ On the contested issue of the nature of the agreement between the parties, there was substantial evidence to support the trial court's finding that the agreement called for a cost plus contract with a fixed contractor's fee of $10,860. A review of the approximately 1400 pages of record fails to convince this court such finding was against the weight of the evidence. There was substantial evidence to support such finding and in that situation, the finding of the trial court of the existence of a cost plus contract, together with a fixed contractor's fee of $10,860, must be affirmed.

■ The other points which Romine raises concern the failure of Darnall to prove the reasonableness of the charges which he made for unpaid labor and material. In a cost plus construction contract, it is stated in 17A C.J.S. Contracts § 367(2) p. 376: "No consideration is given to anything other than the cost items involved, unless the objecting party proves that the work was done in such ruthless disregard of the contractor's obligations as to be tantamount to fraud or gross negligence." No claim of fraud or gross negligence was made in this case.

■ Further it has been held that reasonableness is not a part of the proof in a cost plus construction contract. *Charles A. Burton, Inc., v. Durkee,* 162 Ohio St. 433, 123 N.E.2d 432 (1954). Absent some claim on the part of Romine indicating Darnall was guilty of fraud or gross negligence, it was not incumbent upon Darnall to prove that his charges for labor and material were reasonable. The cases cited by Romine in support of this contention involve actions brought in quantum meruit. Of course, in those cases reasonableness is the very essence of the controversy; the quantum meruit rule does not apply in this situation.

■ Romine further contends Darnall ran up unnecessary charges because of mistakes he made and contends the work was not done in a skillful and workmanlike manner. Romine does not indicate any evidence in the record to show any increase in the cost of construction brought about by any mistake Darnall made. In the absence of any such evidence, it is apparent no finding could be made to give credit to Romine for any unnecessary construction costs.

 Romine states in his brief that he had "never denied that the home as it was eventually built is a quality home." He further states this does not constitute an admission that the home was built in a workmanlike manner. Romine does not explain how a home could be a "quality home" and at the same time not be constructed in a workmanlike manner, and this distinction escapes this court. The word "quality" is defined in Webster's Third New International Dictionary as: "degree of conformance to a standard (as of a product or workmanship): inherent or intrinsic excellence of character or type: superiority in kind." With this meaning of the word "quality" and without benefit of any specific instance cited by Romine to show poor workmanship, it cannot be said there was any infirmity in the judgment because of a failure to show the house was constructed in a good workmanlike manner.

Finally, Romine contends Darnall did not establish a just and true account of the claim he was making for unpaid construction costs and failed to prove that any of the items included therein went into the construction of this dwelling. Seventeen subcontractors testified concerning the fact they furnished material for the Romine dwelling. In addition, Darnall testified exhaustively concerning his business records showing the subcontractors used the materials furnished and the cost thereof and the fact that such materials were used in the Romine dwelling.

Romine never at any time questioned any of the construction costs as itemized on the statements sent to him and paid by him to Darnall. Nor does he question at this time any particular item claimed by Darnall to have been used in this house. His contention is only a general objection without being directed at any particular item or subcontractor.

This trial involved a very detailed listing of materials and costs and the identity of the person or firm who supplied such material. Romine's counsel was extremely diligent in requiring Darnall to adhere to every known rule of evidence in proving all of the items claimed by Darnall. Because of this, Darnall presented a very complete picture, together with itemized proof of each item of material, and in addition, many subcontractors testified to their account and to the fact the material they furnished went into the Romine house. There was substantial evidence from which the trial court could find the amount contained in the court's judgment was due and unpaid to Darnall. There was also substantial evidence to show such amount had been established so as to justify the imposition of a mechanic's lien in favor of Darnall on the Romine real estate. *George F. Robertson Plastering Company v. Magidson*, 271 S.W.2d 538 (Mo. 1954).

Judgment affirmed.

All concur.